MURPHY DILLON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31254. Promulgated August 26, 1931.

*Thomas R. Dempsey, Esq.*, and *A. Calder Mackay, Esq.*, for the petitioner:

*James L. Backstrom, Esq.*, for the respondent.

## OPINION.

Morris: Both parties in this proceeding are relying upon the provisions of section 229 of the Revenue Act of 1921 as determinative of the issue presented. The said section provides:

That in the case of the organization as a corporation within four months after the passage of this act of any trade or business in which capital is a material income-producing factor, and which was previously owned by a partnership or individual, the net income of such trade or business from January 1, 1921, to the date of such organization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921, and the undistributed profits or earnings of such trade or business shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1921, from the earnings or profits of such trade or business accumulated after December 31, 1920, shall be taxed to the recipients as dividends; and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business: *Provided*, That this section shall not apply to any trade or business, the net income of which for the taxable year 1921 was less than 20 per centum of its invested capital for such year: *Provided further*, that any taxpayer who takes advantage of this section shall pay the tax imposed by section 1000 of the Revenue Act of 1918 as if such taxpayer had been a corporation on and after January 1, 1921.

The respondent here is asserting a deficiency against the corporation, which, as party petitioner, has brought this proceeding alleging that it has been illegally and erroneously determined that it, the said corporation, is the proper taxpayer with respect to income and profits taxes for 1921. Petitioner has adduced evidence proving that its legal existence began on or about March 6, 1922, and contends, therefore, that it could not have had taxable income during the calendar year prior to its birth.

The respondent has countered by affirmatively alleging that the petitioner is liable for the taxes on the 1921 income of its predeces-

sor, the copartnership of Dillon & Murphy, by virtue of an agreement which he alleges existed between the petitioner, the copartnership, and the individual members thereof with respect to said taxes. Respondent has introduced numerous documents into evidence in an effort to prove the existence of said alleged agreement. In our opinion the existence of the alleged agreement, or its absence, is a matter with which we have no concern, because even if it existed in fact, such an agreement could not change the liability imposed by the statute. *H. B. Perine et al.*, 22 B. T. A. 201. In our opinion, therefore, respondent's position with respect to the effectiveness of the alleged agreement in fixing the tax liability is not well taken.

This same issue, minus the affirmative allegations of respondent, was considered by the Board in *Artemas Ward, Inc.*, 21 B. T. A. 1096, wherein, after quoting section 229 of the Revenue Act of 1921, we stated (p. 1099):

> The decision turns upon a construction of the statute. Exclusive of the conditions an individual or partnership must meet to obtain the benefits of the law, about which no question is being made, the statute provides, in effect, that where a trade or business of an individual or a partnership is incorporated within four months after the passage of the Act, the net income of such trade or business from January 1, 1921, to the date of incorporation, may, at the option of the individual or partnership, be taxed as the net income of a corporation is taxed. There is nothing in the statute relieving the individual of his liability for the tax after it has been determined in the manner provided for therein, or indicating an intention that the tax should be imposed upon the corporation organized to take over the business of the individual. Had Congress intended to make the newly formed corporation, rather than the individual, liable for the tax on the income of the business from January 1, 1921, to the date of its organization, it certainly would not have limited the application of Titles II and III of the 1921 Act in the calculation of the tax, or required the individual exercising the option to pay the capital stock tax imposed by section 1000.

Respondent argues that the *Ward* case is inapplicable because the facts show that this petitioner waived all of its rights and objections, which it might have been entitled to assert, by filing the 1921 return in its own name, paying the tax shown due thereon, and continuously representing itself to respondent as being liable for the tax. Virtually the same argument was advanced in the *Ward* case by respondent under the defense that petitioner was estopped to deny liability. In answer thereto the Board stated that while the individual might benefit from the decision, we knew of no way whereby petitioner could be compelled to report and pay a tax on income which it did not in fact receive, or how it could be estopped from showing what the true facts were.

*Decision will be entered for the petitioner.*